Maurice VerStandig, Esq.
Nevada Bar No.: 15346
THE VERSTANDIG LAW FIRM, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, NV 89012
Telephone: (301) 444-4600
Facsimile: (301) 444-4600
Email: mac@mbvesq.com
*Attorneys for Adam Hershman
and Sumit Singh*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADAM HERSHMAN, on behalf of himself and all others similarly situated,<br><br>and<br><br>SUMIT SINGH, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FULL SPECTRUM LASER LLC,<br><br>Defendant. | Case No. 2:21-cv-2245<br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

Come now Adam Hershman ("Mr. Hershman") and Sumit Singh ("Mr. Singh"), on behalf of themselves and all others similarly situated (collectively, the "Plaintiffs"), by and through undersigned counsel, and as and for their complaint (the "Complaint") against Full Spectrum Laser LLC ("FSL" or the "Defendant") state as follows:

**General Allegations**

1.  This suit concerns the Defendant's systematic and habitual practice of failing to pay non-exempt sales persons for time worked in excess of 40 hours per week.



2. The Defendant not only fails to pay the legally-mandated rate of time-and-a-half for overtime work performed by its sales force but, indeed, fails to pay *any* wage for overtime work performed by its sales force.

3. The Defendant also has a pattern and practice of terminating sales persons without paying earned commissions, so as to deprive sales persons of the wages they have earned under a commission-incentivized compensation plan.

4. Messrs. Hershman and Singh bring this suit on behalf of themselves and all others similarly situated to address these systemic illegalities, to seek payment of overtime hours previously uncompensated, and to seek payment of earned-but-unpaid commissions.

**Parties**

5. Mr. Hershman is a natural person who is a citizen of the State of Nevada by virtue of his ongoing domicile therein.

6. Mr. Singh is a natural person who is a citizen of the State of Nevada by virtue of his ongoing domicile therein.

7. FSL is a Nevada limited liability company that, upon information and belief, is a citizen of both Nevada and California by virtue of its members being citizens of such states; the full membership – and corollary citizenry – of FSL is not known to the Plaintiffs but will be learned through discovery to the extent relevant to this case.

**Jurisdiction and Venue**

8. This Honorable Court enjoys jurisdiction over the instant controversy, pursuant to the allowances of Section 1331 of Title 28 of the United States Code, as the Plaintiffs allege herein, *inter alia*, a violation of the Fair Labor Standards Act of 1938 as codified at Section 203, *et seq*. of Title 29 of the United States Code (the "FLSA").



9. This Honorable Court enjoys supplemental jurisdiction over the state law claims set forth herein, pursuant to the allowances of Section 1367(a) of Title 28 of the United States Code, as the first cause of action enumerated herein furnishes this Honorable Court with original jurisdiction as alleged *supra*.

10. Venue is properly laid in this Honorable Court, pursuant to the allowances of Section 1391 of Title 28 of the United States Code, as a substantial portion of the work for which Messrs. Hershman and Singh were not compensated in accord with federal law occurred in the State of Nevada.

**General Allegations: Mr. Hershman**

11. Commencing September 20, 2021, Mr. Hershman was employed by FSL to sell the Defendant's various products including, *inter alia*, differing varieties of laser engraving products.

12. As an employee of FSL, Mr. Hershman was partially compensated on a commission basis, paid based on certain sales he made.

13. While employed at FSL, Mr. Hershman regularly and habitually worked in excess of forty (40) hours in a given calendar week.

14. Specifically, and without limitation, Mr. Hershman worked the following periods of time during the correlative two-week intervals:

    a. October 4, 2021 – October 17, 2021: 93.25 hours

    b. October 18, 2021 – October 31, 2021: 92.00 hours

    c. November 1, 2021 – November 14, 2021: 89.5 hours

    d. November 15, 2021 – November 28, 2021: 85.25 hours

15. The foregoing hours were tracked using the Defendant's own timekeeping system,



COMPLAINT AND DEMAND FOR TRIAL BY JURY - 3

1 and are *not* inclusive of time Mr. Hershman spent working away from the Defendant's offices, with Mr. Hershman periodically tending to work obligations at home during evenings and weekends.

16. At no point did the Defendant ever compensate Mr. Hershman for his overtime work – at the rate of one and half times normal pay or otherwise.

17. As an employee of the Defendant, Mr. Hershman closed various sales, and thusly became entitled to the payment of various commissions pursuant to the Defendant's compensation plan.

18. The Defendant, however, has failed to pay Mr. Hershman at least $2,500.00 in earned commissions and, rather than pay Mr. Hershman the monies he is owed, elected to terminate Mr. Hershman on or about December 3, 2021.

**General Allegations: Mr. Singh**

19. Commencing September 6, 2021, Mr. Singh was employed by FSL to sell the Defendant's various products including, *inter alia*, differing varieties of laser engraving products.

20. As an employee of FSL, Mr. Singh was partially compensated on a commission basis, paid based on certain sales he made.

21. While employed at FSL, Mr. Singh regularly and habitually worked in excess of forty (40) hours in a given calendar week.

22. Specifically, and without limitation, Mr. Singh worked the following periods of time during the correlative two-week intervals:

    e. September 20, 2021 – October 3, 2021: 92.25 hours

    f. October 4, 2021 – October 17, 2021: 92.75 hours

    g. November 15, 2021 – November 28, 2021: 89.25 hours



COMPLAINT AND DEMAND FOR TRIAL BY JURY - 4

23. The foregoing hours were tracked using the Defendant's own timekeeping system, and are *not* inclusive of time Mr. Singh spent working away from the Defendant's offices, with Mr. Singh regularly tending to work obligations at home during evenings and weekends.

24. At no point did the Defendant ever compensate Mr. Singh for his overtime work – at the rate of one and half times normal pay or otherwise.

25. As an employee of the Defendant, Mr. Singh closed various sales, and thusly became entitled to the payment of various commissions pursuant to the Defendant's compensation plan.

26. The Defendant, however, has failed to pay Mr. Singh at least $12,500.00 in earned commissions and, rather than pay Mr. Singh the monies he is owed, elected to terminate Mr. Singh on or about December 3, 2021.

**General Allegations: Collective Action**

27. Messrs. Hershman and Singh seek to pursue this case as a collective action, consistent with the allowances of Section 216(b) of Title 29 of the United States Code, with their pursuit being on behalf of the following class of persons:

> All persons who have worked as salespersons for Full Spectrum Laser LLC at any time from three (3) years prior to the filing of this action to the date on which judgment is entered herein, who give their consent, in writing, to become party plaintiffs (the "FLSA Class").

28. Messrs. Hershman, Singh and the other FLSA Class members are similarly situated inasmuch as they have been – and are – not compensated for working certain overtime hours.

29. Messrs. Hershman, Singh and the other FLSA Class members are similarly



COMPLAINT AND DEMAND FOR TRIAL BY JURY - 5

situated inasmuch as they have – or had – similar jobs, with similar responsibilities, in the same work environment, under the supervision of the same employer.

30. The Defendant has known that Messrs. Hershman, Singh and the other FLSA Class members have performed work that has required payment for overtime hours, yet the Defendant has nonetheless operated under a scheme to deprive Messrs. Hershman, Singh and the other FLSA Class members of overtime compensation by failing to properly compensate such individuals for the time they have worked.

31. The Defendant's conduct, as alleged *passim*, has been willful and has caused significant damage to Messrs. Hershman, Singh and the other FLSA Class members.

32. Specifically, the Defendant has known that members of its sales force regularly work more than 40 hours per week, but has nonetheless avoided paying such employees for their overtime work.

33. Further, the Defendant has known, since at least February 26, 2020, that failing to pay sales persons for overtime work is a violation of federal law, since the Defendant was served with a complaint, by another former sales person, for such violations of controlling law, on that date.

34. Nonetheless, the Defendant has continued to fail to pay overtime, going so far as to create a system where employees log time – oftentimes in excess of 40 hours per week – yet are not paid any compensation whatsoever for their work in excess of 40 hours per week.

**Count I: Violation of the Fair Labor Standards Act - Overtime**
**(Brought by Messrs. Hershman and Singh on**
**Behalf of Themselves and All Others Similar Situated)**

35. Messrs. Hershman and Singh repeat and reallege each of the foregoing paragraphs of this Complaint as though fully set forth herein.



COMPLAINT AND DEMAND FOR TRIAL BY JURY - 6

Case 2:21-cv-02245-CDS-BNW  Document 1  Filed 12/25/21  Page 7 of 10

36. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(l).

37. The Defendant is subject to the overtime pay requirements of the FLSA because the Defendant is an enterprise engaged in commerce.

38. The gross annual volume of sales made by the Defendant, for each relevant year, has been not less than Five Hundred Thousand Dollars and No Cents ($500,000.00).

39. Pursuant to Section 207(a) of Title 29 of the United States Code, Messrs. Hershman, Singh and the FLSA Class are entitled to be compensated "at a rate of not less than one and one-half times the regular rate at which he is employed" for all hours worked, in excess of forty (40) hours, in a given week.

40. The Defendant has violated the FLSA by not paying Messrs. Hershman, Singh and the FLSA Class the overtime to which they are entitled under the foregoing allowance of the FLSA.

41. Messrs. Hershman, Singh and the FLSA Class do not fall within any of the exemptions delineated in Section 213 of Title 29 of the United States Code.

42. Specifically, and without exception, Messrs. Hershman, Singh and the FLSA Class are not subject to the so-called "outside sales" exemption inasmuch as their sales activity is primarily carried out within office space belonging to the Defendant.

WHEREFORE, Messrs. Hershman and Singh respectfully pray this Honorable Court (i) direct the Defendant to file with this Honorable Court, and serve upon undersigned counsel, a list of all names and addresses of individuals falling within the FLSA Class, together with such



COMPLAINT AND DEMAND FOR TRIAL BY JURY - 7

individuals' e-mail addresses; (ii) authorize undersigned counsel to issue a notice at the earliest possible time to all members of the FLSA Class, informing them of the existence of this case, informing them of the nature of this case, and informing them of their right to opt into this case; (iii) expressly find the Defendant has violated the Fair Labor Standards Act (the "FLSA") by failing to pay Messrs. Hershman, Singh and the FLSA Class members the compensation to which they are lawfully entitled; (iv) enter judgment against the Defendant, and in favor of Mr. Hershman, for unpaid wages in a sum to be proven at trial; (v) enter judgment against the Defendant, and in favor of Mr. Hershman, for liquidated damages equal to all unpaid wages; (vi) award Mr. Hershman his necessary and reasonable attorneys' fees and suit costs in this matter and reduce the same to judgment against the Defendant; (vii) enter judgment against the Defendant, and in favor of Mr. Singh, for unpaid wages in a sum to be proven at trial; (viii) enter judgment against the Defendant, and in favor of Mr. Singh, for liquidated damages equal to all unpaid wages; (ix) award Mr. Singh his necessary and reasonable attorneys' fees and suit costs in this matter and reduce the same to judgment against the Defendant; (x) enter judgment against the Defendant, and in favor of each FLSA Class member who opts into this suit, for unpaid wages in a sum to be proven at trial; (xi) enter judgment against the Defendant, and in favor of each FLSA Class member who opts into this suit, for liquidated damages equal to all unpaid wages; (xii) award each FLSA Class member who opts into this suit her or his necessary and reasonable attorneys' fees and suit costs in this matter and reduce the same to judgment against the Defendant; and (xiii) afford such other and further relief as may be just and proper.

**Count II: Failure to Pay Wages in Contravention of NRS § 608.005, *et seq*.**
**(Brought by Messrs. Hershman and Singh Individually)**

43. Messrs. Hershman and Singh repeat and reallege each of the foregoing paragraphs



of this Complaint as though fully set forth herein.

44. On December 13, 2019 – a date more than five (5) days preceding the filing of this suit – Messrs. Hershman and Singh, through counsel, made a demand upon the Defendant for payment of the commission wages each has earned but not been paid (the "Demand").

45. Following making of the Demand, the Defendant has continued to fail to pay Messrs. Hershman and Singh the wages to which they are legally due.

WHEREFORE, Messrs. Hershman and Singh respectfully pray this Honorable Court (i) enter judgment in Mr. Hershman's favor, and against the Defendant, in a sum equal to Mr. Hershman's unpaid wages, to be proven at trial, in accord with the allowances of NRS § 608.140; (ii) enter judgment in Mr. Singh's favor, and against the Defendant, in a sum equal to Mr. Singh's unpaid wages, to be proven at trial, in accord with the allowances of NRS § 608.140; (iii) enter judgment in favor of Messrs. Hershman and Singh, and against the Defendant, for attorneys' fees and the costs of litigation, pursuant to the allowances of NRS § 608.140; and (iv) afford such other and further relief as may be just and proper.

**Count III: Failure to Pay Wages Upon Termination**
**(Brought by Messrs. Hershman and Singh Individually)**

46. Messrs. Hershman and Singh repeat and reallege each of the foregoing paragraphs of this Complaint as though fully set forth herein.

47. The Defendant has failed to pay Messrs. Hershman and Singh the whole of the wages they are due, and the Defendant has discharged both of Messrs. Hershman and Singh.

48. The Defendant's failure to pay Messrs. Hershman and Singh the wages they are lawfully due is in contravention of each individual's contract of employment, which expressly calls for the payment of commissions earned by the subject individual, as well as in contravention



COMPLAINT AND DEMAND FOR TRIAL BY JURY - 9

of the FLSA, as alleged *supra*.

WHEREFORE, Messrs. Hershman and Singh respectfully pray this Honorable Court (i) enter judgment in Mr. Hershman's favor, and against the Defendant, in a sum equal to thirty days' wages at the rate earned by Mr. Hershman during his employment with the Defendant, with such rate to be proven at trial, in accord with the allowances of NRS § 608.050; (ii) enter judgment in Mr. Singh's favor, and against the Defendant, in a sum equal to thirty days' wages at the rate earned by Mr. Singh during his employment with the Defendant, with such rate to be proven at trial, in accord with the allowances of NRS § 608.050; (iii) enter judgment in favor of Messrs. Hershman and Singh, and against the Defendant, for attorneys' fees and the costs of litigation, pursuant to the allowances of NRS § 608.140; and (iv) afford such other and further relief as may be just and proper.

### Jury Demand

Pursuant to, and in accordance with, the allowances of Federal Rule of Civil Procedure 38, Messrs. Hershman and Singh pray a trial by jury on all matters so triable.

Dated: December 25, 2021.                    Respectfully Submitted,

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Nevada Bar No. 15346
THE VERSTANDIG LAW FIRM, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone/Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for the Plaintiffs*