Maurice VerStandig, Esq.
Nevada Bar No.: 15346
THE VERSTANDIG LAW FIRM, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, NV 89012
Telephone: (301) 444-4600
Facsimile: (301) 444-4600
Email:  mac@mbvesq.com
*Attorneys for Adam Hershman
and Sumit Singh*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADAM HERSHMAN, on behalf of himself and all others similarly situated, <br><br> and <br><br> SUMIT SINGH, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> FULL SPECTRUM LASER LLC, <br><br> Defendant. | Case No. 2:21-cv-2245-GMN-BNW <br><br> **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** <br><br> **SPECIAL SCHEDULING REVIEW REQUESTED** |

Come now Adam Hershman ("Mr. Hershman") and Sumit Singh ("Mr. Singh") (collectively, the "Plaintiffs") and Full Spectrum Laser, LLC ("FSL" or the "Defendant"), by and through respective undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, and propose the Discovery Plan and Scheduling Order set forth herein.

  a. Meeting. Pursuant to FRCP 26(f) and LR 26-1, a telephonic meeting was held on February 10, 2022, and was attended by Jeffrey Hulet, counsel for Defendant, and Maurice Verstandig, counsel for Plaintiffs.





1  b. Date for Exchange of Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1): April 7, 2022 – this is 30 days from the date of filing of this stipulated discovery plan.

c. Date for the Exchange of Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(2): Disclosures identifying experts and final expert reports shall be made 60 days before the discovery cut-off date.

d. Date for the Exchange of Rebuttal Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(2): Rebuttal expert disclosures shall be made 30 days after the initial disclosure of experts.

e. Subjects on Which Discovery May be Needed: (i) Computation of hours worked by the Plaintiffs; (ii) Nature and scope of work undertaken by the Plaintiffs; (iii) Damages claimed by the Plaintiffs; (iv) Commission structures; (v) Payments made to the Plaintiffs; and (vi) Other matters reasonably embraced within the scope of the pleadings, including affirmative defenses.

f. Date for the Close of Discovery: As required by LR 26-1(b)(1), the discovery cut-off date is August 1, 2022. Defendants first appeared in this case on February 1, 2022 (ECF No. 12). This is 180 days after the initial appearance, plus an additional day since the 180th day falls on a Sunday. The parties note, however, that there is a pending motion for class certification herein, and that discovery will remain open for 120 days following a ruling upon that motion if it is granted, but no extension is needed if that motion is denied.

g. Phasing and Limitations on Discovery: The parties will not take class discovery until such a time as there is a ruling on the motion for conditional certification.

h. Electronically Stored Information: The parties agree electronically stored information may be produced in any common format, inclusive of PDF format, except where the

veracity or timeliness of a given item is specifically implicated, in which case the subject item shall be produced in native format.

    i.    Claim of Privilege: It is not anticipated this case will meaningfully bear on privileged or protected matter. The parties agree to voluntarily destroy any inadvertently produced privileged matter, and that such an inadvertent production shall not constitute a waiver of the attorney/client privilege or the attorney work product doctrine.

    j.    Changes to Limitations on Discovery: Applications to extend any date set by the discovery plan/scheduling order shall be received by the Court twenty (20) days before the date fixed for completion of discovery, or within twenty (20) days before the expiration of any extension thereof that may have been approved by the Court.

    k.    Deadline to Amend Pleadings or Add Parties: The deadline to amend shall be June 1, 2022; the deadline to add parties shall also be June 2, 2022. This is 60 days prior to the earliest close of discovery. For the avoidance of doubt, the deadline to add parties shall *not* preclude putative class members joining this litigation if conditional class certification is granted.

    l.    Deadline for the Filing of Dispositive Motions: 30 days after the discovery cut-off date. To the extent the discovery cut-off date is extended on account of a ruling on class certification, this deadline shall, too, be extended to be 30 days after the close of discovery.

    m.    Deadline for the Filing of a Joint Pretrial Order: 30 days after the deadline for filing dispositive motions. To the extent the discovery cut-off date is extended on account of a ruling on class certification, this deadline shall, too, be extended to be 30 days after the close of discovery.

    n.    Deadline for Exchange of Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(3): Pretrial disclosures shall be made by the same date as the filing of the joint pretrial order.





o. Alternative Dispute Resolution: Counsel for the Plaintiffs and the Defendant have conferred concerning alternative dispute resolution, and will endeavor to cooperative assess if and when such may be beneficial.

p. Alternative Forms of Case Disposition: The undersigned parties certify that they have considered consent to trial by a magistrate judge under 28 U.S.C. §63(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program.

q. Stipulation as to Electronic Service: The undersigned parties agree to accept service of all non-filed documents via electronic mail, unless expressly requested by counsel. The receiving party's counsel shall endeavor to timely confirm receipt of documents via electronic mail and service shall be effectuated upon said receipt.

/
/
/
/
/
/
/
/
/
/
/
/
/

[CONTINUED ON FOLLOWING PAGE]

1      r.     Statement as to Why Longer Deadlines Should Apply: The parties have created this discovery plan so it will conform to Local Rule 26-1(b) if the motion for class certification is denied, but will run longer if that motion is granted. The parties do not believe it prudent to take class discovery unless and until such a motion is ruled upon, and do not wish to create an exigency whereby a ruling on the motion is necessitated by a date certain. The schedule proposed herein will ensure sufficient time for class discovery if class certification is granted.

Dated: March 21, 2022

/s/ Maurice VerStandig  
Maurice VerStandig, Esq.  
Nevada Bar No.: 15346  
THE VERSTANDIG LAW FIRM, LLC  
1452 W. Horizon Ridge Pkwy, #665  
Henderson, Nevada 89012  
Telephone: (301)444-4600  
Email:  mac@mbvesq.com  
*Attorney for the Plaintiffs*

/s/ Jeffrey Hulet (signed w/ express permission)  
Jeffrey Hulet, Esq.  
Nevada Bar No. 10621  
Hogan Hulet PLLC  
10501 W. Gowan Road, Suite 260  
Las Vegas, Nevada 89129  
Telephone: (702) 800-5482  
jeff@h2legal.com  
*Attorney for Full Spectrum Laser LLC*

**ORDER**

**IT IS SO ORDERED**

**DATED:** 4:41 pm, March 22, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

