UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Adam Hershman; Sumit Singh; *et al.*,<br><br>　　　　　Plaintiffs<br><br>　v.<br><br>Full Spectrum Laser LLC,<br><br>　　　　　Defendant | Case No. 2:21-cv-02245-CDS-BNW<br><br>**Order Granting Plaintiffs' Motion for Collective Action**<br><br>[ECF No. 4] |

　　　　Plaintiffs Adam Hershman and Sumit Singh move for conditional class certification[1] on behalf of a putative class of current and former salespeople who worked for defendant Full Spectrum Laser LLC. Plaintiffs allege that Full Spectrum underpays its in-house sales team by refusing to pay overtime wages and firing employees before paying out commissions owed, thus violating the Fair Labor Standards Act (FLSA). For the reasons explained below, I grant plaintiffs' motion and conditionally certify a collective action consisting of a class of "all persons who have worked as salespersons for Full Spectrum Laser LLC at any time from three years prior to the filing of this action, who give their consent in writing to become party plaintiffs." Mot., ECF No. 4 at 7. But I require plaintiffs to heed the instructions in this order regarding changes to the notice form.

---

[1] Plaintiffs title their motion as a request for conditional "class certification," but the substance of their motion indicates that they seek to conditionally certify this suit as a collective action under the Fair Labor Standards Act (FLSA) under 29 U.S.C. § 216(b). *See* Mot., ECF No. 4 at 1 (seeking to conditionally certify a class under "Section 216(b) of Title 29 of the United States Code"). "Conditional certification of an FLSA collective does not play the same role as class certification under Rule 23: it does not 'produce a class with an independent legal status[] or join additional parties to the action.'" *Woodburn v. City of Henderson*, 2021 Wage & Hour Cas. 2d 456,130 (D. Nev. 2021) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013)). Nonetheless, "[a] pleading, according to the liberal concepts of [Federal Rule of Civil Procedure] 8, is to be judged by its substance rather than by its form or label." *In re Blewett*, 14 B.R. 840, 842 (9th Cir. 1981). So I treat this motion as one to conditionally certify a collective action under the FLSA, rather than as a motion to conditionally certify a class.

## I. Relevant background information

Between September and December of 2021, plaintiffs were employed by Full Spectrum to sell its laser engraving products. Compl., ECF No. 1 at 3–5. They were partially compensated on commission, earning additional pay based on certain sales they made. *Id.* Both named plaintiffs allege that they regularly worked more than forty hours per week but were never compensated for that overtime work. *Id.* In addition, they allege that Full Spectrum terminated them before they received commissions that they had earned; Hershman alleges that he is owed at least $2,500 in unpaid commissions, and Singh alleges that he is owed at least $12,500 in unpaid commissions. *Id.*

They bring this suit on their own behalf and on behalf of similarly situated individuals, as they contend that Full Spectrum has a "pattern and practice of terminating sales persons [sic] without paying earned commissions." *Id.* at 2. Specifically, they seek to pursue their case against Full Spectrum as a collective action consistent with 29 U.S.C. § 216(b). *Id.* at 5. The collective would include "all persons who have worked as salespersons for Full Spectrum Laser LLC at any time from three . . . years prior to the filing of this action to the date on which judgment is entered herein, who give their consent, in writing, to become party plaintiffs." *Id.* Plaintiffs argue that the other putative FLSA class members are similarly situated insofar as they have been denied compensation for working certain overtime hours. *Id.* The putative class members also had similar jobs, with similar responsibilities, in the same work environment under the supervision of the same employer. *Id.* at 5–6. Plaintiffs sue for violations of the FLSA and Nevada Revised Statutes § 608.005. *Id.* at 8–9. Full Spectrum opposes certification of a collective action. *See generally* Resp., ECF No. 13. It argues that Hershman and Singh are not similarly situated to other Full Spectrum employees because (1) the two did not actually work more than 40 hours per week after accounting for their lunch and smoke breaks, (2) they consumed alcohol on the job, and (3) they "took draw advancement on commissions [to which] they later refused to agree." *Id.* at 2.

2

## II. Legal standard

The FLSA provides a private right of action to enforce its provisions "by any one or more employees [on] behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). "It is evident from the statute that workers may litigate jointly if they (1) claim a violation of the FLSA, (2) are 'similarly situated,' and (3) affirmatively opt in to the joint litigation, in writing." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018) (citing 29 U.S.C. § 216(b)). The FLSA does not define "similarly situated," but the Ninth Circuit has held that party plaintiffs are similarly situated, and may proceed in a collective, "to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Id.* at 1117. "What matters is not just any similarity between party plaintiffs, but a legal or factual similarity material to the resolution of the party plaintiff's claims, in the sense of having the potential to advance these claims, collectively, to some resolution." *Id.* at 1115. "The level of consideration is 'lenient,'—sometimes articulated as requiring 'substantial allegations,' sometimes as turning on a 'reasonable basis,' but in any event loosely akin to a plausibility standard, commensurate with the stage of the proceedings." *Id.* at 1109 (citations omitted). "The district court's analysis is typically focused on a review of the pleadings but may sometimes be supplemented by declarations or limited other evidence." *Id.*

## III. Motion for collective action

Plaintiffs seek to define the collective to include all salespeople who worked for Full Spectrum within three years of the filing of this lawsuit. Mot., ECF No. 4 at 7. There are four sub-issues which need to be decided as part of this conditional certification: (a) whether the class definition encompasses those individuals similarly situated to plaintiffs, (b) whether three years is the appropriate limitation period, (c) whether opt-in plaintiffs should have their claims equitably tolled back to the date this action was filed, and (d) whether the proposed notice- and consent-to-sue forms are adequate.

      a. *Conditional permission of a collective action*

Full Spectrum argues that plaintiffs are not similarly situated to the class that they purport to represent, namely, "all persons who have worked as salespersons for Full Spectrum Laser . . ." ECF No. 13 at 7. It argues that the named plaintiffs (1) refused to sign the commission agreement that every other employee working on commission signed, (2) took longer-than-permissible lunch and smoke breaks, (3) were erroneously given holiday pay, (4) drank alcohol during work hours, and (5) offered alcohol to "at least one other Full Spectrum employee during work hours." *Id.* The defendant argues that it is "very unlikely" that other employees took multiple unauthorized smoke breaks, too-long lunches, or offered alcohol to fellow coworkers. *Id.* Plaintiffs respond that the defendant's own time records demonstrate that plaintiffs indeed worked overtime hours in every pay period and that their own alleged wrongdoing is immaterial to whether they deserve compensation for the hours they worked. ECF No. 14 at 5–7.

The relevant inquiry is whether the party plaintiffs' situation and those of the other employees share a similar issue of law or fact capable of disposing of the FLSA claims. Plaintiffs have identified that issue—whether other employees worked overtime hours without receiving pay from Full Spectrum. ECF No. 14 at 6–7. The defendant provides no legal authority for its assertion that employees who violate their employer's internal rules—by, for example, consuming alcohol at work—are not permitted to be compensated for their hours worked. However, plaintiffs point out that at least one circuit court has found that the FLSA covers even drunk employees. *See Schleicher v. Salvation Army*, 518 F.3d 472, 476 (7th Cir. 2008). ("Most of the employees of the thrift shops are . . . drunkards, drug addicts, and other unfortunates whom the Salvation Army is trying to redeem. And the thrift shops' employees are covered by the Fair Labor Standards Act . . ."). Plaintiffs do not bring a wrongful-termination claim; whether they were terminated for drinking on the job is immaterial to whether they were paid wages otherwise lawfully owed. So the question material to the resolution of the FLSA claim is not whether plaintiffs committed violations of a workplace conduct policy or whether their

4

1 terminations were justified—it is simply whether they were properly compensated for overtime that they worked.

Finally, Full Spectrum argues that I should hold plaintiffs to a higher standard of identifying similarly situated plaintiffs at this stage of the proceedings because it would be inconvenient to force the defendant through the full rigors of discovery at this point. ECF No. 13 at 6. But Full Spectrum concedes that its reliance on nonbinding authority is "not controlling here." *Id.* The Ninth Circuit has issued binding authority on this topic that still controls district courts' management of FLSA claims in this circuit. *See Campbell*, 903 F.3d at 1117 ("Party plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims."). A district court "cannot reject the party plaintiffs' choice to proceed collectively based on its perception of likely inconvenience." *Id.* at 1117.

Ultimately, plaintiffs have met the minimal burden necessary to proceed at this stage of conditional certification of a collective action. They have adequately pled allegations of an FLSA violation for unpaid overtime, identified a class of potentially similarly situated plaintiffs, and described the inquiries of law and fact that would permit resolution of the FLSA claims on a class-wide basis.

    b.   *Limitation period*

The FLSA permits a collective action to reach back three years from the date of the complaint's filing when willful violation of the FLSA is properly alleged by the plaintiffs. *See* 29 U.S.C. § 255(a) (extending the two-year limitations period to three years when a cause of action arises out of a "willful violation"). Plaintiffs argue that the three-year limitation period applies, while Full Spectrum argues for a two-year limitation period. The standard for willfulness in an FLSA action is whether "the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute . . ." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). However, "[i]t is the jury's province to decide which limitations period, two or

three years, applies in light of the plaintiffs' evidence that the defendant[] acted willfully." *Dualan v. Jacob Transp. Servs., LLC*, 172 F. Supp. 3d 1138, 1148 (D. Nev. 2016) (citing *Bankston v. State of Illinois*, 60 F.3d 1249, 1253–54 (7th Cir. 1995)).

At this stage of the proceedings, before discovery has even commenced, I find that neither party has demonstrated willfulness, or a lack thereof, on the part of Full Spectrum in allegedly violating the FLSA. I thus decline to restrict the scope of the potential collective to salespersons employed in the two years before 2021. *See, e.g., Adams v. Inter-Con. Sec. Sys., Inc.*, 242 F.R.D. 530, 542 (N.D. Cal. 2007) (in the absence of sufficient evidence, "the court will not make a determination of willfulness at this early stage and declines to limit the scope of notice to [employees] in the last two years").[2]

    c.  *Equitable tolling*

Plaintiffs request that I deem the statute of limitations tolled for potential class members during the time their motion for conditional certification was pending and through the notice period. ECF No. 4 at 11. Specifically, they request that I toll the statute of limitations *nunc pro tunc* to December 25, 2021. *Id.* Full Spectrum argues against equitable tolling here because (1) plaintiffs do not present a significant argument on tolling and (2) "the evidence is clear that these [p]laintiffs are bad apples . . . [who] do not have clean hands to seek equitable relief." ECF No. 13 at 10.

For purposes of calculating the timeliness of an FLSA claim, the statute of limitations is tolled for each putative class member individually upon filing a written consent to become a party plaintiff. 29 U.S.C. § 256(b). Thus, without equitable tolling, "the statute of limitations on a putative class member's FLSA claim continues to run in the time between the filing of the collective action complaint and the filing of their written consent opting-in." *Coppernoll v. Hamcor, Inc.*, 2017 Wage & Hour Cas. 2d 139,999 (N.D. Cal. 2017) (citing 29 U.S.C. § 256(b)). But the

---

[2] However, I note that any plaintiffs whose claims fall between the two- and three-year limitations periods will eventually need to demonstrate that Full Spectrum's actions were willful in order to have a basis for recovery.

Ninth Circuit has held that the FLSA statute of limitations can be equitably tolled. *Partlow v. Jewish Orphans' Home of S. Calif.*, 645 F.2d 757, 760–61 (9th Cir. 1981), *abrogated on other grounds by Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989). And "this district generally holds that 'the time for a court to rule on a motion . . . for certification of a collective action in an FLSA case [] may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine." *Woodburn*, 2021 Wage & Hour Cas. 2d at 456,130 (quoting *Deslo v. Russell Rd. Food & Bev., LLC*, 2017 WL 4349220 (D. Nev. Sept. 29, 2017)); *see also Dualan*, 172 F. Supp. 3d at 1154; *Small v. Univ. Med. Ctr. of S. Nev.*, 2013 WL 3043454, at *3 (D. Nev. June 14, 2013).

      The potential opt-in plaintiffs could be severely prejudiced by the court's delay in resolving the instant motion, as that motion has been pending since the day this action was initiated and the complaint was filed (December 25, 2021). Here, absent tolling, putative members of the collective could have their claims extinguished because of judicial delays. Such a result would be imprudent and impractical. *Coppernoll*, 2017 Wage & Hour Cas. 2d at 139,999. Furthermore, Full Spectrum's personal attack on the plaintiffs as a basis to deny equitable tolling is neither supported by authority nor reason.[3] *See* ECF No. 13 at 10 (citing no law in support of defendant's assertion that plaintiffs do not have clean hands to seek equitable relief). I thus grant plaintiffs' request to deem the statute of limitations for all potential class members equitably tolled to December 25, 2021. And "to counter the advantage [a] defendant would otherwise gain in withholding potential plaintiffs' contact information until the last moment," I order that the tolling period will end when Full Spectrum provides the requisite contact information to plaintiffs' counsel. *Woodburn*, 2021 Wage & Hour Cas. 2d at 456,130. If any other plaintiff opts in before the date of Full Spectrum's provision of the relevant contact information, the tolling period for that plaintiff will run from December 25, 2021, through the date of that plaintiff's filing of written opt-in consent with the court.

---

[3] Such attacks also do not aid the court in resolving this motion.

      d.  *Proposed notice and consent-to-sue forms*

The defendant apparently does not take issue with plaintiffs' proposed consent-to-sue form, which I approve as drafted. *See* Ex. E, ECF No. 4-5 (the form). However, the parties dispute whether plaintiffs' proposed opt-in notice (Ex. D, ECF No. 4-4), which I will order plaintiffs to mail to prospective members of the collective, is adequate. The defendant argues that plaintiffs' proposed notice form suffers from multiple deficiencies, including (1) lack of specificity about when plaintiffs might be liable for Full Spectrum's costs; (2) lack of explicit reference to the notion that potential members of the collective have the right to obtain their own counsel; (3) reference to the three-year lookback period, rather than the two-year lookback period; (4) the claim that potential members of the collective may be similarly situated to plaintiffs; (5) the line stating that potential members who "choose not to join the [l]awsuit . . . will not be able to collect any moneys if the [p]laintiffs ultimately prevail"; (6) that email notice is unnecessary as the notice can be mailed; and (7) the ninety-day notice period is too long. ECF No. 13 at 10–11. I find merit in some of Full Spectrum's allegations and order that plaintiffs' proposed opt-in notice be modified according to my instructions in this section.

    First, I find a need for more specificity about when potential members of the collective could be liable for Full Spectrum's costs. As written, the notice states that the FLSA "does not provide for the [d]efendant[] to receive [its] attorneys' fees. However, if certain acts of misconduct were to occur, the [c]ourt could award the [d]efendant[] [its] reasonable attorneys' fees and costs." ECF No. 4-4 at 4. Full Spectrum requests more specificity around the phrase "certain acts of misconduct." ECF No. 13 at 10. I thus order plaintiffs to change the latter of the sentences quoted above to: "However, if certain sanctionable misconduct occurs as part of the litigation, the court could award the defendant its reasonable attorneys' fees and costs."

    Second, I find no need to mention that potential members of the collective have the right to obtain their own counsel. The proposed notice already contemplates potential members choosing not to join this collective action with an all-caps, underlined, bolded header stating,

"<u>YOUR RIGHT TO NOT JOIN THE LAWSUIT</u>[.]" ECF No. 4-4 at 4. That section adequately informs recipients of their rights regarding the lawsuit, including the statement that "[i]f you choose not to join this [l]awsuit, you are free to file your own lawsuit should you so wish." *Id.* Third, I have already found that a three-year lookback period is appropriate in this case. Fourth, Full Spectrum's assertion that it "is nearly impossible" for anyone to be similarly situated to the plaintiffs "given [p]laintiffs' unique set of facts and misconduct" does not have a basis in law. As mentioned *supra* section II, the controlling law as to whether plaintiffs are similarly situated for FLSA purposes comes from *Campbell*, which simply requires that the plaintiffs share similar issues of law or fact material to the disposition of their FLSA claims. *Campbell*, 903 F.3d at 1100. The dispositive issue that binds together this class is whether other salespeople at Full Spectrum worked overtime hours without pay. Unsupported accusations of plaintiffs' misconduct are not a basis on which to find an impossibility of similar situations.

      Fifth, Full Spectrum states that the line which reads, "[h]owever, if you choose to not join the [l]awsuit, you also will not be able to collect any monies if the [p]laintiffs ultimately prevail" is unduly influential, inaccurate as a matter of law, and prejudicial. ECF No. 13 at 10–11. It does not cite authority for any of those propositions. However, because there is a possibility that a prospective class member could choose not to join the lawsuit yet still recover money from a different lawsuit, I will require the notice to be amended as follows: "however, if you choose to not join this lawsuit, you also will not be able to collect any monies **from this lawsuit** if the plaintiffs ultimately prevail." The introduction of the phrase "from this lawsuit" rectifies any potential factual inaccuracy.

      Sixth, I find that email notice is appropriate in this case. In fact, the purpose of this notice is to inform prospective plaintiffs that they may have a legal claim against the defendant; it would seem antithetical to the concept of "notice" to restrict the ways in which the notice might be served upon the putative class. Because "communication by email is 'the norm,' notice

by email is appropriate and enhances the chance that potential opt-in plaintiffs receive the notice." *Grosscup v. KPW Mgmt., Inc.*, 261 F. Supp. 3d 867, 880 (N.D. Ill. 2017) (citations omitted).

Finally, I find that a ninety-day notice period is appropriate in this case. Again, the purpose of notice is to inform prospective plaintiffs of legal claims that may entitle them to compensation. Restricting the notice period to thirty days might deprive such individuals of the opportunity to join this suit. As plaintiffs point out, "some courts in this [c]ircuit have approved 60 days, and others have approved 90 days." *Williams v. U.S. Bank Nat'l Ass'n*, 290 F.R.D. 600, 614 (E.D. Cal. 2013) (citations omitted). No party in this case requests sixty days. Faced with the competing options of a thirty-day or ninety-day notice period, I select the option that both provides the greatest opportunity for potential members of the collective and has been deemed acceptable by other courts in this district. *See, e.g., Woodburn*, 2021 Wage & Hour Cas. 2d at 456,130. I thus approve a ninety-day notice period. The changes that I require (described above) must be reflected on a new notice form to be filed no later than March 9, 2023. I will rule on the adequacy of the revised form at that time.

IV.     Conclusion

IT IS HEREBY ORDERED that plaintiffs' motion to conditionally certify an FLSA collective action **[ECF No. 4] is GRANTED subject to the conditions described below.** Defendant Full Spectrum Laser must provide plaintiffs' counsel with the names, e-mail addresses, and last-known addresses of all salespersons who worked for the defendant from December 25, 2018, through the present date. It must do so **within 30 days of this order's filing.** Plaintiffs must revise the notice form in accordance with my instruction from section V of this order. **Plaintiffs must file a proposed revised notice form in this case's electronic docket by March 9, 2023, for the court's approval.** Within 30 days of my approval, plaintiffs must serve the notice and consent-to-sue forms to each potential member of the collective.

Potential members will have **90 days from the date that the notice and consent-to-sue forms are mailed to submit their opt-in forms.** The statute of limitations for plaintiffs' FLSA

claims is TOLLED from December 25, 2021, until Full Spectrum provides the requisite contact information to plaintiffs' counsel.

DATED: February 27, 2023

_____
Cristina D. Silva
United States District Judge